**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Felix ROMERO–PINEDA, Defendant— Appellant.**

**No. 05–10256.**

United States Court of Appeals, Ninth Circuit.

---

Submitted Dec. 7, 2005.*

Decided Dec. 9, 2005.

Patrick J. Walsh, AUSA, USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: KOZINSKI and SILVERMAN, Circuit Judges, and BENITEZ, District Judge.**

### MEMORANDUM ***

Romero–Pineda challenges the district court's denial of his motion to suppress four pounds of heroin found in the trunk of his car in the course of a consensual search arising from a traffic stop. The district court correctly found that police had probable cause to initiate a traffic stop after seeing Romero–Pineda make an unsafe lane change. The officers' initial contact was limited to questions reasonably related to the traffic infraction and thus did not exceed the scope of the traffic stop. *See United States v. Chavez–Valenzuela,* 268 F.3d 719, 724 (9th Cir.2001), *amended by* 279 F.3d 1062 (9th Cir.2002) ("An officer must initially restrict the questions he asks during a stop to those that are reasonably related to the justification for the stop."). The duration of this initial stop

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

was five minutes and also reasonable. *See Pierce v. Multnomah County,* 76 F.3d 1032, 1038 (9th Cir.1996).

The district court did not clearly err in finding that Romero–Pineda's consent to search his car was voluntary. The officer did not initiate the second conversation concerning contraband until after Romero–Pineda had been told twice that he was free to leave. A reasonable person in his situation would not have believed he was not free to leave. *See California v. Hodari D.,* 499 U.S. 621, 627–28, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991) (holding encounter not consensual if "reasonable person would have believed that he was not free to leave") (quoting *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980) (plurality opinion)).

These facts are also distinguishable from those in *Chavez–Valenzuela,* where we held that subsequent immediate questioning about contraband during a traffic stop was an improper escalation beyond the scope of the traffic stop. 268 F.3d at 728. There, the defendant had been given back his license and registration, but he had not been told he was free to leave. *Id.* at 724. We held that a reasonable person in his position would not have felt free to leave, and thus his consent to search the car was tainted and invalid. *Id.* at 724–25.

Here, however, Romero–Pineda was told twice that he was free to leave. Therefore his participation in the second conversation and his subsequent consent to search the car were voluntary.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See*